JACK JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 3573-74.
United States Tax Court
T.C. Memo 1975-68; 1975 Tax Ct. Memo LEXIS 307; 34 T.C.M. (CCH) 367; T.C.M. (RIA) 750068; March 19, 1975, Filed Jack Jones, pro se. Gerald W. Hartley, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determinated deficiencies in the income tax of petitioner for the taxable year 1972 in the amount of $787.06. This proceeding was submitted under Rule 122 of the Court's new Rules of Practice and Procedure. Due to concessions by the parties the only issue remaining for our determination is whether petitioner is entitled to deduct under section 162 [1] the cost of transporting his flight bag and overnight case to and from his place of employment. *308 All the facts have been stipulated. The stipulated facts and the exhibits attached thereto are incorporated herein by this reference. A summary of the pertinent facts are set forth below. Petitioners are Jack Jones and Deanna Jones, husband and wife, whose place of residence at the time of filing the petition herein was Yulee, Florida. Petitioners filed timely joint Federal income tax returns for the taxable year 1972 with the district director of internal revenue, Hartford, Connecticut. Deanna Jones is a petitioner herein only by virtue of having filed a joint return with her husband. Thus, subsequent references to petitioner will refer only to her husband, Jack Jones. During the year in question, petitioner resided in Brookfield Center, Connecticut and was employed by Trans World Airlines. Petitioner's employment required him to fly in and out of major airports in New York and New Jersey. He commuted to and from these points of departure by his privately owned car. On each of his trips to and from the airport, which numbered 76 during the year in question, *309 petitioner carried a small flight bag which weighed between 30 and 35 pounds and an overnight case containing personal items which weighed approximately 20 pounds. Petitioner deducted the sum of $1,368.00 on his tax return on account of the cost of transporting his flight bag and overnight bag to and from work. This amount was arrived at by multiplying the number of round trips he made to work in 1972 (76) times the average miles driven per round trip (150) times an allowance of 12 cents per mile. Petitioner would have driven his automobile to and from work even if he had not found it necessary to carry his flight kit and overnight case. The facts of this case are indistinguishable from those presented in the recently decided case of , rehearing denied . Like here, petitioner was an airline pilot who claimed as a business deduction under section 162(a) the entire cost of commuting back and forth to his place of employment on the theory such expenses were incurred to transport his flight bag and overnight bag. Likewise, it was undisputed that petitioner would have driven his automobile *310 to work regardless. The Supreme Court denied the deduction on the grounds that such expenses were personal in nature, and nondeductible under section 262. [2] It concluded that personal commuting expenses could not be converted to deductible business expenses by the mere happenstance that a taxpayer must carry incidentals of his occupation with him. We so hold. In accordance with the above, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩